UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12CV1292 HEA |
| UNITED HUSKIES MART, LLC, et al., | ) ) ) | |
| Defendants, | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Small Business Administration's Motion for Partial Summary Judgment, [Doc. No. 58], Defendant Community South Bank's Motion for Summary Judgment, [Doc. No. 62], and Defendant United Huskies, Inc.'s Motion for Summary Judgment on Defendant Edwin-Claude Inc.'s Cross claim, [Doc. No. 65]. Defendant Edwin-Claud, Inc. has responded to the motions. For the reasons set forth below, the Motions are granted.

### **Facts and Background**

Plaintiff filed this interpleader action alleging the following:

Plaintiff EMCASCO Insurance Company, (EMCASCO) is authorized to conduct insurance business in the State of Missouri. Defendant United Huskies is

a Missouri limited liability company that is engaged in the business of retail sales such as gasoline and sundries.  Samer Tarroum is the sole  member of United Huskies. Defendant VH LLC is a limited liability company engaged in the practice of real estate management.  Andrey Volobuev, now deceased was the sole member of the LLC.  Ekaterina Volobuev is his widow.  Defendant St. Charles County Economic Development Council is a domestic not for profit organization engaged in the practice of providing financial assistance to local businesses.  Defendant U.S. Small Business Administration is a U.S. Government Agency.  Defendant Edwin Claude, Inc., is a Missouri corporation and is authorized to conduct the business of insurance adjustment in Missouri .  Paul Abrams is the president of Edwin Claude

United Huskies, via its sole member, Samer Tarroum, executed a commercial lease with VH LLC managing officer Ekaterina Volobuev for commercial property which consisted of a one story masonry building located at 8610 Lackland Road, Overland, Missouri 63114 and fixtures for use of a convenience store with gas sales from March 1, 2011 through February 28, 2012.  Pursuant to the terms of the lease, United Huskies was required to maintain Fire and Extended Hazard Coverage on the Building and fixtures.  VH LLC was to be included on any and all policies as an Additional Insured.

At the time of the Lease, various fixtures within the Building were subject to UCC Financing Agreements between VH LLC and the St. Charles Economic Development Council and/or U.S. Small Business Association. Emcasco was not a party to the Lease nor did it have any knowledge of the terms and conditions of the lease prior to the notification of a fire loss under the policy

On April 18, 2011 EMCASCO issued an insurance policy to United Huskies with a policy period of Aril 28, 2011 through April 28, 2012. The Policy insured the Building and Business Personal Property located at 8610 Lack land Road, against certain risks, including fire.

The Policy designates United Huskies as the Named insured, VH LLC as an Additional Insured, Community South Bank as a Mortgage holder, VH LLC as a Loss Payee for the Business Personal Property. The Policy provides that EMCASCO will not pay more than the insured's financial interest in the Property.

On October 31, 2011, the Building and Business Personal Property were damaged and/or destroyed by an incendiary fire. EMCASCO retained the services of local insurance adjuster Tim Keary of Keary Claim Services to adjust the Loss.

On November 1, 2011, Tarroum executed a service agreement with Edwin Claude, a public adjuster, to represent United Huskies' interests in the adjustment of the insurance claim. The service agreement entitled Edwin Claude to a portion

of any insurance proceeds recovered in connection with the Loss for services rendered in the adjustment thereof.

On December 28, 2011, Tarroum submitted a Sworn Statement in Proof of Loss with EMCASCO for the direct physical damage to the Building (and fixtures appurtenant) in the amount of $380,550.25. The Proof of Loss identified interest holders in the Building as VH LLC, Community South Bank and Edwin Claude. EMCASCO learned that the St. Charles EDC and the SBA were interest holders in many of the Building's fixtures appurtenant.

On January 11, 2012, EMCASCO issued a check in the amount of $380,550.25 for the Loss to the Building (and fixtures appurtenant) payable to United Huskies, VH LLC, Community South, the SBA and Edwin Claude.

On April 13, 2012, EMCASCO received correspondence from VH LLC, United Huskies' landlord and Additional Insured on the Policy asserting that Edwin Claude was improperly added on the payment; Edwin Claude is not legally entitled to any of the insurance proceeds under the policy with regard to the Building because VH LLC was the owner of the building and VH LLC did not retain Edwin Claude; and Edwin Claude's interest is derivative of United Huskies' title and interest; and because United Huskies has no title or interest in the Building, Edwin Claude has no title to insurance proceeds intended to cover the

building.

Concurrently, EMCASCO received correspondence from Community South, the mortgagee of VH LLC dated February 1, 2012, asserting that Edwin Claude was improperly added on the January 11, 2012 payment; Edwin Claude is not legally entitled to any of the insurance proceeds under the policy with regard to the Building because VH LLC was the owner of the building and VH LLC did not retain Edwin Claude; and Edwin Claude's interest is derivative of United Huskies' title and interest; and because United Huskies has no title or interest in the Building, Edwin Claude has no title to insurance proceeds intended to cover the building.

Edwin Claude continued to assert an interest in all of the insurance proceeds paid under the Policy. VH LLC and Community South continue to assert that Edwin Claude does not have legal title and/or interest in the insurance proceeds paid under the Policy as to the Building.

In making payments under the Policy's Building coverage, EMCASCO alleges it is required to include the named mortgagee, as well as any other rightful party in interest, in any payment made under the policy; failure to do so will expose it to multiple and/or inconsistent liability.

No formal claim had been submitted by Tarroum on behalf of United

Huskies at the time of the filing of the Interpleader action on July 20, 2012.

EMCASCO, vis a vis its adjuster, Keary, has adjusted the Business Personal Property and determined the ACV value of the personal property to be $40,081.86. Some of the furniture, fixtures and equipment adjusted in this amount is owned by VH LLC. Some is subject to a lien in favor of St. Charles EDC and/or U.S. SBA. Some are owed by United Huskies. As a result, Edwin Claude may also have a derivative interest therein.

EMCASCO has sought leave, and has obtained leave to interplead funds in the amount of $420,632.11. EMCASCO is therefore relieved of any further liability in this matter.

Defendants SBA, Community South and United Huskies move for summary judgment seeking a judgment that Edwin Claude, Inc. is not entitled to recover payment form the insurance proceeds.

The following facts are taken from the SBA, Community Bank and VH LLC's Statements of Undisputed Material Facts. Defendant Edwin Claude failed to specifically controvert these facts in accordance with the Court's Local Rule 7-4.01(E), and are therefore considered admitted.

VH LLC (VH) owned property located at 8610 Lackland Road, Overland, Missouri 63114 (the Property). VH and its predecessor corporation, VH

Investments, Inc., borrowed money from Community South Bank (CSB) and the United States Small Business Administration (SBA). CSB and SBA secured these loans with Deeds of Trust on the Property. *Id.* SBA also took a security interest in some personal property.

In February 2011, VH entered into a contract with United Huskies Mart LLC (UHM) to operate a convenience store on the Property. The VH/UHM Agreement required UHM to, among other things, name VH as an additional insured. The policy also names CSB as a mortgagee.

On October 31, 2011, a fire destroyed the Property.

Edwin-Claude Inc. is a public insurance adjuster. On November 1, 2011, its President, Paul Abrams, contracted with UHM to represent UHM in negotiations with the insurance company, EMCASCO.. Edwin-Claude did not represent CSB, VH, or SBA. Abrams knew that UHM only rented the Property; however, he made no attempt to identify the Property's true owner or other entities with an interest in the Property. During the negotiations with EMCASCO's adjuster, Tim Keary, Abrams also received a Statement of Loss - Building Coverage. The Statement of Loss identifies CSB and VH as mortgagees and SBA as a loss payee. Abrams concedes that mortgagees and loss payees are entitled to be on any insurance proceeds check EMCASCO issued. He made no effort to contact

these entities and notify them of his expectation to receive payment from the insurance proceeds. Likewise, in the Proof of Loss Abrams subsequently completed, he noted that CSB and VH were originally on the insurance policy, and that the only change from the policy's initial coverage, April 2011, was to include VH as an additional insured. Despite this knowledge, Abrams again made no effort to contact these entities.

Edwin Claude never contacted any of the entities it knew were entitled to be included on EMCASCO's check. None of the entities contracted with Edwin Claude or hired it to negotiate on their behalf.

Despite the fact that Edwin Claude never contacted the entities entitled to be included on EMCASCO's check, Edwin Claude seeks 10% of the insurance proceeds check because its efforts "to some extent benefits all the parties that have any interest in the settlement."

In 2006, the VH, LLC's predecessor, VH Investments, Inc. initially borrowed $490,500.00 from CSB. The Deed of Trust on the property located at 8610 Lackland Road, Overland, Missouri 63114 (the Property) securing the loan granted to CSB, among other things, "all proceeds (including insurance proceeds) . . . ."

On December 22, 2006, VH Investments, Inc. increased the loan amount

from $490,500 to $584, 500. This modification was also filed with the Recorder of Deeds.

On October 19, 2007, VH Investments Inc. transferred the Property to VH and recorded the transfer with the St. Louis County Recorder of Deeds. VH Investments Inc. also modified its agreement with CSB to, among other things, reflect that the "Borrower" included both VH and VH Investments, Inc. On October 29, 2007, CSB recorded a new Deed of Trust from VH to CSB. This Deed of Trust on the Property also securing the loan granted to CSB "all proceeds (including insurance proceeds) . . . ." CSB re-recorded this Deed of Trust to reflect both VH LLC's name on the Deed of Trust and the maximum amount borrowed. The terms remained the same.

In 2008, VH also borrowed $253,000 from the St. Charles County Community Development Center (CDC). The CDC secured the loan in two different ways. First, it obtained a Deed of Trust secured by the Property. This a Second Deed of Trust subject only to CSB's loan. Pursuant to the Deed of Trust, VH authorized and directed any insurance company "to make payment for such loss directly to [CDC] instead of to [VH and CDC] jointly . . . ."

Furthermore, the Deed of Trust also provided that, without CDC's prior consent, VH will not "voluntarily create or permit to be created against the

property subject to this Deed of Trust any liens inferior or superior to the liens of this Deed of Trust . . . ." The CDC assigned the Deed of Trust to the SBA and recorded the Assignment with the St. Louis County Recorder of Deeds on March 21, 2008. In addition to the Deed of Trust, CDC also obtained a Security Agreement dated February 26, 2008. Like the Deed of Trust on the Property, the Security Agreement is a second perfected security interest subject only to CSB's loan. CDC recorded a Uniform Commercial Code Financing Statement for the property. CDC also assigned its interest in the Security Agreements to the SBA.

On February 18, 2011, VH executed a commercial lease with United Huskies Mart, LLC (UHM). Pursuant to the lease agreement, UHM was required to name VH as an additional insured. Employers Mutual Casualty Company (EMCASCO) wrote the policy, Policy Number 4W55502, that UHM purchased.

On October 31, 2011, the store on the Property caught fire. On November 1, 2011, Edwin Claude, Inc., a public insurance adjusting company, through its President, Paul Abrams, approached UHM and asked to represent UHM in the UHM/EMCASCO negotiations. Edwin Claude knew that UHM was only a tenant of the Property.

Edwin Claude drafted the Edwin Claude/UHM Agreement, and filled in the from Agreement's blanks. Based on the Agreement, Edwin Claude required UHM

"to pay and assign(s) irrevocably to Edwin-Claude, Inc. for its services, ten percent (10%) of the agreed repair or replacement cost value, including salvage or any action by the insurance company or other parties for the benefit of the Insured(s), or otherwise adjusted, agreed to, collected, recovered or awarded." Neither VH, LLC, CSB, nor SBA knew about this Agreement or that Edwin Claude expected to be paid from the insurance proceeds. Furthermore, Edwin Claude did not enter into a contract with VH, LLC, CSB, or SBA.

In early November 2011, Edwin Claude informed either EMCASCO or Keary & Associates that UHM had engaged Edwin Claude as its public insurance adjuster. EMCASCO hired Keary Claims services to adjust the loss that occurred at the property. Between early November 2011 and early December 2011, Keary investigated the fire and performed an adjustment of the loss. Preparing an adjustment of the loss involved viewing the site, working with a salvor and structural engineer; measuring and recording the loss site's dimensions, and identifying and inventorying damaged and/or destroyed business personal property. Furthermore, an adjustment of loss also involved searching state and local business records and Uniform Commercial Code filings. It also involved interviewing UHM's principal, Samer Tarroum, and VH LLC's principal, Ekaterina Volobuev, and her attorney, Charles Sheppard. Finally, performing the

adjustment of the loss also involved examining any and all available documents pertaining to the property and/or loss. Edwin Claude did not create an estimate because it learned that EMCASCO's adjuster already prepared an estimate.

Between November 2011 and early December 2011, Edwin Claude: (a) identified several items of personal property that were damaged; (b) contacted VH LLC to determine if it carried insurance on the property; (c) met with a salvor named Myers & Associates at the property several times; (d) met and communicated with the adjuster; (e) met with the insured.

Edwin Claude did not prepare an estimate as it knew that the adjuster had prepared an estimate. Furthermore, Edwin Claude did not prepare diagram or create separate or distinct diagrams.

On December 9, 2011, EMCASCO's adjuster, Tim Keary, provided Edwin Claude with a Statement of Loss - Building Coverage. The Statement of Loss - Building Coverage is for the policy involved in this case, i.e., 4W55502. Paul Abrams acknowledged that he received a copy of the Statement of Loss - Building Coverage from Keary.

Abstract of Coverage, Schedule A, identifies VH LLC and CSB as mortgagees. It also identifies SBA as the Loss Payee.

Abrams acknowledged that, at a minimum, VH LLC and CSB, as

mortgagees, and SBA, as a Loss Payee, were entitled to be on the check issued for the loss. Abrams, however, did not contact CSB or SBA to notify them that he intended to be paid from the insurance settlement funds.

Keary also indicated that EMCASCO offered to accept $380,550.55.25, the policy limits to settle the matter.

As UHM's representative in the negotiations, Edwin Claude filled out a Proof of Loss. The Proof of Loss involves this case's policy, 4W55502, and the amount of the claim, $380,550.25. Abrams completed the top portion of the Sworn Statement in Proof of Loss (Building) some time prior to December 28, 2011. When Abrams completed the Proof of Loss (Building), he knew that VH LLC and CSB existed.

The Proof of Loss states: "Title and Interest: At the time of the loss the interest of you insured in the property described here was tenant. No other person or persons had any interest therein or encumbrance thereon, except" and Abrams wrote "VH LLC and Community South Bank." The Proof of Loss also asked Abrams to identify all changes since the policy was issued, and Abrams only wrote "VH, LLC added as an additional Insured." The date of the policy is April 28, 2011 through April 28, 2012. Abrams never contacted either VH LLC or CSB.

EMCASCO issued a check for $380,550.25 on January 11, 2011, payable

to UHM, CSB, VH LLC, and Edwin Claude.

On January 15, 2012, Edwin Claude billed UHM $38,055.00 for its services. Furthermore, Edwin Claude's invoice identifies only UHM, not CSB, SBA, or VH LLC, as Edwin Claude's customer.

CSB first learned that Edwin Claude expected to be paid from the insurance funds when it received EMCASCO's January 11, 2012, check. CSB objected to Edwin Claude's inclusion on the insurance proceeds check. Likewise, VH LLC, as it was not a party to the UHM/Edwin Claude agreement, did not understand that Edwin Claude expected to be paid from the insurance fund proceeds until VH LLC also received a copy of the check. SBA was not aware that Edwin Claude expected to be paid from the insurance funds until EMCASCO filed this interpleader action.

Edwin Claude maintains that it is entitled to its fee because its efforts "to some extent benefits all the parties that have any interest in the settlement." However, Edwin Claude had no communications with CSB and SBA.

## Discussion

### Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur* 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods v. DaimlerChrysler Corp.,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Maces.*

*Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

By the terms of the Agreement entered into between Edwin Claude and United Huskies, Edwin Claude has no rights to the insurance proceeds: "…United Huskies Mart, hereby retain(s) Edwin-Claude, Inc….to provide negotiating leverage and forward information to the insured's(s') insurance carrier(s) for the discussion and negotiation of possible settlements for damages occurring on or about 10/31/11, to the insured's(s') property located at 8610 Lackland Road, 63114." The undisputed facts establish that United Huskies did not own the building at the address. VH LLC is the owner. Edwin Claude knew this at the time the Agreement was executed.

Further, the Agreement states that the owner of the damaged property has the right to cancel the service agreement. Since the owner of the Building was VH LLC, and it did not sign this agreement, no rights to the insurance proceeds for the Building inure to Edwin Claude.

Likewise, the claimed lien of Edwin Claude is nonexistent. The undisputed

facts establish that under the insurance policy, VH LLC, an additional insured and Community South, as mortgage holder were granted rights in the insurance proceeds. A lien can only be created by agreement or by rule of law. *Goodrich v. Rhodes*, 261 S.W>2d 391 (1957). Edwin Claude has cited no authoritative rule of law which would establish that a lien was created. Likewise, Edwin Claude has produced no agreement between *all* the interested parties and Edwin Claude establishing same.

Community South and SBA entered into agreements with the additional insured, VH, LLC, to protect their interests in loaned money. Community South is listed on the insurance policy as a mortgagee. Furthermore, the Deed of Trust from VH LLC to Community South securing the loan expressly grants to Community South "all proceeds (including insurance proceeds) . . . ."

Moreover, the insurance policy also establishes Community South's right to payment independent of the United Huskies' right to receive payment. The policy requires EMCASCO to "[p]ay any claim for loss or damage jointly to [the insured] and the Loss Payee, as the interests may appear." The phrase "as interests may appear" means "that payment of the loss will first be made to the mortgagee up to the extent of his interest, and that the remaining balance, if any, will be paid to the mortgagor." *Parmelee v. Standard Fire Ins. Co.*, 697 F.Supp.2d 1069, 1076

(E.D. Mo. 2010). Where a mortgage remains on the property, the mortgagee's right to payment is superior to the insured's right to receive payment, and the policy language "unambiguously require[s] [the insurance company] to make any payment for the loss of the dwelling to [the mortgagee], before any payments could be made to the insureds . ." *Id*.

Likewise, the SBA took steps to protect its interest in the loan to VH LLC. SBA also secured its loan with a Deed of Trust duly recorded with the St. Louis County Recorder of Deeds. The SBA Deed of Trust authorizes any insurance company to pay SBA directly for any loss rather than paying SBA and VH LLC jointly. The Deed of Trust prohibits VH LLC from allowing, either voluntarily or otherwise, any lien to be created against the Property.

Finally, it is undisputed that Edwin Claude's Service Agreement with United Huskies violates the Department of Insurance, Financial Institutions and Professional Registration regulations. The contracts of a public adjuster are required to have certain components contained in the body of the contract. 20 CSR 700-2.300(2) provides "Every contract for services to be rendered by a public adjuster within the scope of Chapter 325, RSMo shall clearly indicate the time, date and place of execution of the contract. This information shall be part of the contract and shall be placed thereon before execution." The Agreement

contains none of the required information. Although Edwin Claude argues that it would be "grossly unfair and inequitable" to allow the contract to be rendered unenforceable because of such small terms of the contract, the regulations are enacted to ensure that insurance adjusters are adhering to the professional conduct for which the regulations were enacted. Such a "grossly unfair and inequitable" argument fails to persuade this Court that an insurance adjuster, a professional corporation, can avoid the regulations designed to ensure fair and equitable treatment to the public for whom they serve, by arguing that the lack of adherence is unfair or inequitable.

**Conclusion**

For the reasons outlined above, summary judgment in favor of Defendants SBA, Community South and VH LLC is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that EMCASCO is discharged from this action.

**IT IS FURTHER ORDERED** that Defendant Small Business Administration's Motion for Partial Summary Judgment, [Doc. No. 58], is granted.

**IT IS FURTHER ORDERED** that Defendant Community South Bank's

Motion for Summary Judgment, [Doc. No. 62], is granted

**IT IS FURTHER ORDERED** that Defendant United Huskies, Inc.'s Motion for Summary Judgment on Defendant Edwin-Claude Inc.'s Cross claim, [Doc. No. 65], is granted.

**IT IS FURTHER ORDERED** that Edwin Claude Inc. Is entitled to none of the proceeds of the insurance policy at issue herein.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE